DANIEL J. BRODERICK, #89424
Federal Defender
LINDA C. HARTER, CA Bar #179741
Chief Assistant Federal Defender
Designated Counsel for Service
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorney for Defendant
KEIT TRAN

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. Cr S 10-0042 MCE |
| ) | |
| Plaintiff, ) | |
| ) | STIPULATION AND ORDER TO MODIFY |
| v. ) | CONDITIONS OF RELEASE PURSUANT TO |
| ) | 18 U.S.C. § 3145; ORDER |
| KEIT TRAN, ) | |
| ) | |
| Defendant. ) | |
| ) | Judge: Hon. Gregory G. Hollows |
| _____ ) | |

   Keith Tran was released on February 5, 2010 under strict conditions of release.  At that time he was placed on "Home Incarceration" and subject to electronic monitoring.  In May of 2010 and then in June of 2011, those conditions were modified to allow Mr. Tran some additional freedom.  His home detention condition was changed to a curfew and he was still subject to electronic monitoring.  At this time the parties, with the full agreement of pretrial services, are requesting that special conditions 12, 13 and 14 be eliminated.  Mr. Tran would then still be closely monitored by pretrial services, but he will not longer be subject to the curfew or electronic monitoring.  All other conditions are to remain the same.  Attached is the new Amended

1  Conditions as proposed by the pretrial services officer and the
2  parties.
3      The parties and pretrial services feel that this action is
4  appropriate at this time since there have been no problems during his
5  supervision.
6  Dated:  September 20, 2011

                                        Respectfully submitted,

                                        DANIEL J. BRODERICK
                                        Federal Defender


                                        /s/ *Linda C. Harter*
                                        LINDA C. HARTER
                                        Chief Assistant Federal Defender
                                        Attorney for Defendant
                                        KEIT TRAN


                                        BENJAMIN B. WAGNER
                                        United States Attorney


                                        /s/ *Linda C. Harter for*
                                        Jason S. Hitt
                                        Assistant United States Attorney

**ORDER**

Good cause appearing and for the reasons stated in the stipulation of the parties, the conditions of Mr. Keith Tran's release are hereby modified pursuant to 18 U.S.C. § 3145(a).  The new conditions of release are those set forth in the Amended Release Conditions attached to the parties stipulation.

In addition, the conditions of release included a mandatory DNA test.  That condition was stayed pending further order of the Ninth Circuit in the Pool case.  An order was issued on September 19, 2011 in which the Ninth Circuit determined that the entire DNA issue was moot since defendant Pool had pled guilty.  The Ninth Circuit (en banc) vacated the Pool orders from the district court and the Ninth Circuit

1 panel which had upheld the condition.

2 Therefore, the stay on the DNA condition is lifted in this
3 case.  For the reasons set forth in United States v. Pool, 645 F.Supp.
4 2d 903 (E.D. Cal. 2009), *aff'd*. 2009 WL 2152029, *aff'd*. 621 F.3d 1213
5 (9th Cir. 2010)[1], the undersigned orders compliance with the DNA
6 condition.

7 In addition to the incorporated reasoning of the above orders,
8 see also: United States v. Mitchell, __F.3d__, 2011 WL 3086952 (3rd
9 Cir. 2011) (en banc) (upholding the requirement to take a DNA sample as
10 a pretrial release condition on grounds even broader than those set
11 forth in the Pool orders); Jackman v. Lappin, 2011 WL 2433507 (N.D.
12 Ohio 2011); Haskell v. Brown, 677 F. Supp 2d 1187 (N.D. Cal. 2009).

13 Given the lengthy stays already issued in the Pool case and
14 other subsequent cases awaiting the decision of the Ninth Circuit, and
15 later the en banc panel of the Ninth Circuit, and the mootness decision
16 which places the issue back to square one in this Circuit, the
17 undersigned will issue no further stays.  The DNA condition is
18 effective now.[2]

19 Dated: September 20, 2011

20                                           /s/ Gregory G. Hollows
                                     UNITED STATES MAGISTRATE JUDGE

21

---

[1] These orders were vacated by the Ninth Circuit (en banc) when it determined that the Pool DNA issue was moot.  Therefore, there is nothing binding or even *stare decisis* about these previous Pool orders. However, the court herein is free to adopt the reasoning of those orders as the reasoning here.

[2] Obviously, if the undersigned were to start the stay process anew, a few years would go by before the Ninth Circuit could finally rule on the issue, only to face the same mootness prospect which is now a reality in the Pool case.  The undersigned will not agree at this point to judicial paralysis on enforcement of a statute which is presumed (and has been found by the undersigned and others) to be constitutional.

Stipulation to Modify Release Conditions -3-